**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIGUEL D. MONSALVE,<br><br>Plaintiff(s),<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant(s). | 2:13-CV-1233 JCM (NJK) |

**ORDER**

Presently before the court is defendant U.S. Bank National Association's ("U.S. Bank") motion to dismiss. (Doc. # 5). Plaintiff Miguel Monsalve has filed a response. (Doc. # 11).

Also before the court is plaintiff's motion to amend the complaint. (Doc. # 12). Defendant filed a consolidated reply to the motion to dismiss and response to the motion to amend. (Doc. # 16).

**I. Background Facts**[1]

In or around January 2007, plaintiff obtained a loan from non-party Star Funding, Inc., in the amount of $213,000 to purchase the property located at 10214 Purple Primrose Drive, Las Vegas, NV 89141, APN # 176-26-714-035 ("the property"). (*See* Compl.). The loan was secured by a deed

[1] The court must lean heavily on the documents provided by the defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents attached as exhibits to the request for judicial notice (doc. # 4): the deed of trust, notice of default and election to sell, corporate assignment of deed of trust, substitution of trustee, all three notices of trustee sale, trustee's deed upon sale, and the grant, bargain, and sale deed. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

of trust encumbering the property. (Doc. # 4, ex . 1).

On June 30, 2009, National Default Servicing Corporation ("NDSC") recorded a notice of default and election to sell under the deed of trust. (*Id.*, ex. 2).

On October 2, 2009, Mortgage Electronic Registration Systems ("MERS"), as the nominee for Star Funding, assigned the deed of trust to the defendant, U.S. Bank. (*Id.*, ex. 3). That same day, U.S. Bank substituted NDSC as the new trustee. (*Id.*, ex. 4). On February 8, 2011, NDSC recorded the third (and final) notice of trustee's sale. (*Id.*, ex. # 7). The property was sold to U.S. Bank at the March 1, 2011, public auction for $96,000. (*Id.*, ex. 8).

Plaintiff, originally acting *pro se*, filed the instant complaint in Nevada's Eighth Judicial District Court on April 18, 2013. Subsequent to the filing of the complaint, U.S. Bank sold the property to Thomas Gearing on June 24, 2013, for $93,000. (*Id.*, ex. 9). On July 11, 2013, defendant removed the case to this court. (Doc. # 1).

## II. Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Defendant argues that plaintiff has not satisfied the ordinary pleading requirements under Fed. R. Civ. P. 8(a) or the heightened requirements under Fed. R. Civ. P. 9, and that plaintiff's complaint presents no potentially viable claims for relief. Plaintiff asserts that his complaint meets and exceeds the standards governed by Fed. R. Civ. P. 8(a) and 9(b) or, in the event the court concludes it does not, he requests leave to file an amended complaint

*A. Motion to amend the complaint (doc. # 12)*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. Thus, a district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

In addition to the Rule 15(a) requirements, the local rules of the District of Nevada require a plaintiff to submit a proposed amended complaint along with its motion to amend. LR 15-1(a) ("Unless otherwise permitted by the Court, the moving party *shall* attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.") (emphasis added). The failure to attach a proposed amended complaint may itself provide grounds for denying a plaintiff's motion to amend.

Here, plaintiff has failed to submit a proposed amended complaint, in violation of LR 15-1. The court is therefore unable to clearly identify plaintiff's claim(s) without reference to both the deficient original complaint and the counter-motion to amend. Accordingly, plaintiff's failure to include a proposed amended complaint as mandated by the local rules warrants denial of his motion to amend.

*B. Motion to dismiss (doc. # 5)*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual

James C. Mahan
U.S. District Judge

allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

Although not entirely clear from his form complaint, it appears plaintiff seeks to assert claims for misrepresentation.[2] In order to state a claim for intentional misrepresentation, a plaintiff must allege: (1) that defendant made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

The federal rules also require a party alleging fraud to "state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

---

[2] Plaintiff also asserts that "[t]his is not an action to 'quiet title'..." However, in the very next paragraph, plaintiff "prays for relief of reconveyance of said satisfied collateral free of levy and lien..." (*See* compl., ¶¶ 4, 5). The contradictory nature of his form complaint, together with the scant level of detail, prevents the court from "liberally construing" the complaint and setting forth cognizable claims.

James C. Mahan
U.S. District Judge

1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deterring plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)). "[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009)).

After reviewing the complaint, the court finds that it states no specific facts against the defendant. The complaint does not allege the who, what, when, where, and how. *Roberts*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) There is simply not enough detail in the complaint to satisfy the heightened pleading standards of Rule 9(b). Accordingly, defendant's motion to dismiss must be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend the complaint (doc. # 12) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED.

DATED December 19, 2013.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge